**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                                            No. 4:07CR00338-02 JLH

JOHNNIE CLEVELAND                                                                             DEFENDANT

**ORDER**

Johnnie Cleveland was convicted of conspiracy to possess with intent to distribute a distribution of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846. He was sentenced to 120 months imprisonment. The judgment was entered on May 11, 2009. Now he has filed a petition to file a belated notice of appeal, a motion to extend the time for filing a petition pursuant to 28 U.S.C. § 2255, a motion for copies of transcripts, and a motion for leave to proceed *in forma pauperis*.

The first motion is the motion to file a belated notice of appeal. As noted, the judgment and commitment order was entered on May 11, 2009. Pursuant to Rule 4(b)(1)(A) of the Federal Rules of Appellate Procedure, in a criminal case a defendant's notice of appeal must be filed within fourteen days after entry of the judgment. Obviously, no notice of appeal was filed within that time. Rule 4(b)(4) provides:

> Upon finding of excusable neglect or good cause, the district court may—before or after the time has expired, with or without motion and notice—extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b).

Even if the Court were to find excusable neglect or good cause, the Court would not have the authority to grant Cleveland's motion to file a belated notice of appeal. The only authority granted to the Court by the statute is to extend the time not to exceed 30 days from the expiration of the time otherwise prescribed by Rule 4(b). Such an extension would not help Cleveland because nearly

eleven months have passed since the judgment was entered in his case, and the Court has no authority to extend by eleven months the time for filing a notice of appeal.

Cleveland next requests the Court to extend the time within which he may file a petition pursuant to 28 U.S.C. § 2255. Congress has established a one-year period of limitation. 28 U.S.C. § 2255(f). The statute gives the Court no authority to extend that period of limitation.

Cleveland next has filed a motion for copies of transcripts of the trial and sentencing. There are no proceedings pending before the Court that would justify the expenditure of funds to prepare transcripts, and the Court does not believe that every person convicted in federal court and wishes to have transcripts prepared at government expense is entitled to them. Cleveland has offered no explanation as to what grounds he might have for a § 2255 petition. The Court therefore denies his motion for transcripts.

For the reasons stated, Cleveland's motion to file a belated notice of appeal is denied. Document #81. Cleveland's motion to extend the time to file a § 2255 petition is denied. Document #84. Cleveland's motion for copies of transcripts is denied. Document #83. Cleveland's motion to proceed *in forma pauperis* is denied as moot. Document #82.

IT IS SO ORDERED this 6th day of April, 2010.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE